**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 24 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In the Matter of: VINCENT TORRES, | No. 13-56066 |
| Debtor, | D.C. No. 2:12-cv-04513-MWF |
| VINCENT TORRES, | MEMORANDUM* |
| Appellant, | |
| v. | |
| THE SANTA YNEZ BAND OF CHUMASH INDIANS, | |
| Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted March 10, 2015**

Before:      FARRIS, WARDLAW, and PAEZ, Circuit Judges.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Vincent Torres appeals pro se from the district court's order affirming the bankruptcy court's order denying his request for sanctions against the Santa Ynez Band of Chumash Indians. We have jurisdiction under 28 U.S.C. § 158(d)(1). We review independently the bankruptcy court's decision without deference to the district court's determinations. *Cossu v. Jefferson Pilot Sec. Corp.* (*In re Cossu*), 410 F.3d 591, 595 (9th Cir. 2005). We affirm.

The bankruptcy court did not abuse its discretion in denying Torres's motion for sanctions after concluding that the Santa Ynez Band of Chumash Indians did not act in bad faith by filing a proof of claim in Torres's bankruptcy proceedings. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991) (standard of review); *Knupfer v. Lindblade* (*In re Dyer*), 322 F.3d 1178, 1196 (9th Cir. 2003) (for a court to use its inherent sanctioning power, there must be an explicit finding of bad faith or willful misconduct).

**AFFIRMED.**